UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZER,

                Plaintiff,

-against-

ISRAEL STATE; ISRAELI MOSSAD;
FEDERAL BUREAU OF INVESTIGATION;
CENTRAL INTELLIGENCE AGENCY;
DEPARTMENT OF HOMELAND SECURITY,

                Defendants.

1:23-CV-2875 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Izzat Nazer, who is currently held in the Vernon C. Bain Center, in the Bronx, New York, filed this *pro se* action asserting that the defendants have violated his federal constitutional rights and are also responsible for "abuse of power," abuse of process, and defamation.[1] (ECF 1, at 2.) He seeks damages and requests that "preventative actions be taken." (*Id.* at 5.) Plaintiff sues: (1) the State of Israel; (2) the Israeli Mossad, the State of Israel's secret intelligence service; (3) the Federal Bureau of Investigation ("FBI"); (4) the Central Intelligence Agency ("CIA"); and (5) the Department of Homeland Security ("DHS"). Plaintiff has also filed an application for the Court to request *pro bono* counsel. (ECF 4.)

---

[1] Plaintiff alleges that he filed his complaint while he was held as a pretrial detainee in the Kirby Forensic Psychiatric Center, where he was evaluated, under Article 730 of the New York Criminal Procedure Law, as to whether he was mentally competent to participate in a criminal trial.

By order dated April 6, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff asserts claims based on events that he alleges occurred in New York, Europe, Florida, Lebanon, and the United Arab Emirates between 2010 and the present. Plaintiff also alleges the following:

> Named defendants have used [Plaintiff and his] name to fuel intelligence schemes [and] mislead the government into allowing their unusual tactics [and] illegal practices under the false pretense of "[n]ational [s]ecurity." Together[,] they

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

> managed to create a cycle that is impenetrable, one where [American intelligence] would perceive [Plaintiff's] reactions to harmful input by their counterparts as either ideological, threatening [or] serious. In the meanwhile pretending not to know the underlying issue because it was in their personal [and] corrupt interests to let it play out, while guiding [and] reaping the benefits of more power [and] greater control over variable elements of our society, most dangerously other elements of our government, and decisions of other governments through misleading intel[l]igence [and] defamation.
>
> Most recently[,] [Plaintiff's] rights for freedom of speech as well as [his] privacy rights were violated. . . .
>
> Named [d]efendants have directly [and] indirectly ensured [Plaintiff's] continued and constant poverty/isolation/homelessness [and] intently drove [Plaintiff] to addiction [and] maintained it.
>
> Previously[,] Defendants tried to use [Plaintiff] as some kind of unwilling informer on [his] cousin who happens to be a leader of a pro-Iran Islamic group. Even after the unsuccess, Defendants always seemed to find new objectives to make [Plaintiff] an unwilling center of.

(ECF 1, at 4-5.) Plaintiff further alleges that:

> [a]fter long years of feeling persecuted by the government on no official charges except for a "bomb threat" charge in 2011[,] [in] Las Vegas, Nevada, [w]hich was dismissed within 48 hours[,] [Plaintiff] started posting on [his Facebook] profile [his] recollection of events happening for an understanding of events better [and] maybe hopes of government awareness of the situation in case the abuse of power was being exercised by individuals in power and not the "status one."

(*Id.* at 7.)

## DISCUSSION

**A.     Claims against the FBI, CIA, and DHS**

The Court must dismiss Plaintiff's claims against the FBI, CIA, and DHS under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any part of the federal government, such as federal agencies, like the FBI, CIA, and DHS, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir.

3

1994) ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."). The Court construes Plaintiff's claims for injunctive relief against the FBI, CIA, and DHS as brought under the Administrative Procedure Act ("APA"), and his claims for damages against those defendants as brought under the Federal Tort Claims Act ("FTCA").

1.  **The APA**

The APA is a limited waiver of sovereign immunity allowing for judicial review of a federal agency's final administrative action; it does not allow for monetary damages. *See* 5 U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). Under the APA, a plaintiff may ask a federal court to hold that a final federal agency action is unlawful or otherwise incorrect. The court can (1) "compel agency action unlawfully withheld or unreasonably delayed[,]" and (2) set aside the agency's action, findings, and conclusions if the court finds them to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to [5 U.S.C. §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). The proper defendant for an APA claim is the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703.

To the extent that Plaintiff asserts claims for injunctive relief against the FBI, CIA, and DHS under the APA, his claims cannot be pursued because he alleges no facts showing that he is challenging a final administrative action of any federal agency. Accordingly, to the extent that

Plaintiff asserts claims against the FBI, CIA, and DHS under the APA, the Court dismisses them under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

### 2. FTCA

The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States, not individual federal . . . agencies." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015). The Court therefore construes Plaintiff's claims for damages against the FBI, CIA, and DHS as ones brought under the FTCA against the United States of America.

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a damages claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion

requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

Although the FTCA permits certain types of tort claims based on the actions of federal law enforcement officers, that provision does not apply to claims of defamation.[3] Thus, to the extent that Plaintiff asserts, under the FTCA, damages claims for defamation (including claims of libel and slander), as well as any damages claims against the United States of America for abuse of process that are not permitted by Section 2680(h), the Court dismisses those claims under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 2680(h).

In addition, inasmuch as Plaintiff asserts, under the FTCA, damages claims against the United States of America that are not specifically prohibited by Section 2680(h), Plaintiff has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal governmental entity for damages and received a final written determination before bringing this action, nor has he alleged facts showing that it has been more than six months since he has filed

---

[3] The FTCA's waiver of sovereign immunity does not apply to:

[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

such an administrative claim. The Court therefore dismisses Plaintiff's remaining claims under the FTCA against the United States of America under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* § 1915(e)(2)(B)(iii).

**B.      Claims against the State of Israel and the Israeli Mossad**

Plaintiff's claims against the State of Israel and the Israeli Mossad are foreclosed by the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1330, 1602, *et seq.* "The FSIA provides the exclusive basis for obtaining subject matter jurisdiction over a foreign state" in a civil action. *Kirschenbaum v. 650 Fifth Ave. & Related Props.*, 830 F.3d 107, 122 (2d Cir. 2016) (citing 28 U.S.C. § 1604 and *Argentine Republic v. Amerada Hess Shipping Corp.*, 488 U.S. 428, 439 (1989)), *abrogated on other grounds*, *Rubin v. Islamic Republic of Iran*, 138 S. Ct. 816 (2018); *see Turkiye Hal Bankasi A.S. v. United States*, 143 S. Ct. 940 (2023) ("[T]he FSIA displaces general 'grants of subject-matter jurisdiction in Title 28' – that is, in *civil* cases against foreign states.") (emphasis in original). This statute includes, in pertinent part, within its definition of the term "foreign state," the political subdivisions, instrumentalities, and agencies of a foreign state. *See* 28 U.S.C. § 1603(a), (b); *Daou v. BLC Bank, S.A.L.*, 42 F.4th 120, 133 (2d Cir. 2022) ("The FSIA provides the sole basis for obtaining jurisdiction over a foreign state in the courts of this country. The same is true of the agency or instrumentality of a foreign state, which is treated as a foreign sovereign for purposes of the FSIA.") (internal quotation marks and citations omitted).

The FSIA renders a foreign state "presumptively immune from the jurisdiction of United States courts unless one of the Act's express exceptions to sovereign immunity applies." *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27, 31 (2015) (internal quotation marks and citation omitted); *see* 28 U.S.C. § 1604 ("Subject to existing international agreements to which the United States is a party at the time of enactment of this Act[,] a foreign state shall be immune

7

from the jurisdiction of the courts of the United States and of the States except as provided in [28 U.S.C. §§ 1605, 1606, and 1607]."); *see also* 28 U.S.C. § 1605(a)(5)(B) (FSIA immunity applies to, among other instances, claims for "money damages [when they are] sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment [where such claims] . . . aris[e] out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.").

The State of Israel is a foreign state, and the Israeli Mossad is an agency thereof. Thus, both of these defendants are immune from suit unless one of the exceptions in the FSIA applies. Even granting Plaintiff's complaint the most liberal possible interpretation, his allegations do not fall within the purview of any of the exceptions set forth in the FSIA. The Court therefore dismisses Plaintiff's claims against the State of Israel and the Israeli Mossad for lack of subject matter jurisdiction, under the FSIA, *see* Fed. R. Civ. P. 12(h)(3), and for seeking monetary relief from defendants that are immune from such relief, *see* § 1915(e)(2)(B)(iii).

**C.      Plaintiff's claims are frivolous**

Granting Plaintiff's *pro se* complaint the liberal interpretation that it is due, and even if Plaintiff's claims were not dismissible because of the doctrine of sovereign immunity and the FSIA, the Court finds that Plaintiff's claims are frivolous because there is no factual predicate or legal theory on which Plaintiff can rely to state a viable civil claim arising from his allegations and assertions.

Plaintiff's complaint is difficult to understand, but it appears that Plaintiff alleges that the FBI, CIA, and DHS, as well as the State of Israel (including the Israeli Mossad) have harassed and defamed Plaintiff for his views. Plaintiff's allegations, however, do not support any of his

claims because they are largely irrational or wholly incredible, and he provides no factual support suggesting that the relevant alleged events even occurred. Thus, a finding of factual frivolousness is warranted. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (The IFP statute, 28 U.S.C. § 1915, "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." A finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional," "irrational or wholly incredible, whether or not there are judicially noticeable facts available to contradict them.") (internal quotation marks and citations omitted); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("An action is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citations omitted).

The Court therefore additionally dismisses Plaintiff's claims as frivolous. *See* § 1915(e)(2)(B)(i).

**D.**     **Leave to amend is denied**

Federal district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**E.**     **Warning**

The Court notes that on October 19, 2015, Plaintiff filed a *pro se* civil action in the United States District Court for the Middle District of Florida in which he named as defendants

9

the United States of America, the FBI, the CIA, and DHS, as well as the Office of the Director of National Intelligence. *See Nazer v. FBI*, No. 8:15-CV-2465 (M.D. Fla. June 2, 2017). In that action, Plaintiff made allegations of:

> "psychological warfare on a subject unaware of such methods," being "chipped with a Trap & Trace electronic surveillance device in his body," and "being given food which influenced his mental state," as part of the Defendants' "master plan" to force Plaintiff into an ideological state of resentment towards the world so that he would join enemies of the state and become unknowingly a tool for spying on defendants' foreign enemies."

*Id.* at 3 (citations omitted). In that action, the court granted the defendants' motion to dismiss Plaintiff's second amended complaint, characterizing Plaintiff's allegations as "largely unintelligible." *Id.* Plaintiff appealed. On August 31, 2018, the United States Court of Appeals for the Eleventh Circuit granted the Government's motion for summary affirmance and affirmed the district court's dismissal of that action. *Nazer v. FBI*, 17-12582-JJ (11th Cir. Aug. 31, 2018).

On August 21, 2020, Plaintiff filed another *pro se* action, in this court, against the United States of America, the Office of the Director of National Intelligence, the CIA, the National Security Agency, DHS, and the FBI in which Plaintiff asserted that the United States Government "has persecuted [him] through [its] agents of intelligence. . . . The basis for their actions [was his] national origin [and] perceived religious faith." *Nazer v. United States*, ECF 1:20-CV-6836, 4, at 3 (S.D.N.Y. Sept. 23, 2020) (citation omitted). The court dismissed that action *sua sponte* as frivolous. *Id.* at 3-4. Plaintiff appealed. In a mandate dated October 7, 2021, and issued on November 4, 2021, the United States Court for Appeals for the Second Circuit dismissed Plaintiff's appeal as frivolous. *Nazer v. United States*, No. 20-4021 (2d Cir. Oct. 7, 2021).

In light of Plaintiff's litigation history, this Court finds that Plaintiff was, or should have been, aware of the frivolous nature of his present claims before he filed the current action. *See*

10

*Sledge v. Kooi*, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements). Accordingly, the Court warns Plaintiff that if he files in this court any further duplicative, frivolous, or otherwise nonmeritorious litigation against the United States of America or against any federal agency, foreign state, or foreign state's agency or instrumentality, it may result in an order from this court barring Plaintiff from filing any future civil action in this court IFP against any of those entities without prior permission of the court. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses this action for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), as frivolous, and for seeking monetary relief from defendants that are immune from such relief, *see* 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

The Court also denies Plaintiff's application for the Court to request *pro bono* counsel as moot. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:  June 12, 2023
        New York, New York

                                        /s/ Laura Taylor Swain
                                         LAURA TAYLOR SWAIN
                                       Chief United States District Judge

11