UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZER,

                Plaintiff,

       -against-

ISRAEL STATE, et al.,

                Defendants.

1:23-CV-2875 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

     By order and judgment issued and entered on June 12, 2023, the Court dismissed this *pro se* action. (ECF 6 & 7.) The Court dismissed Plaintiff's claims for lack of subject matter jurisdiction, as frivolous, and for seeking monetary relief from defendants that are immune from such relief. (ECF 6.) The Court construed Plaintiff's claims against the Federal Bureau of Investigation ("FBI"), the Central Intelligence Agency ("CIA"), and the Department of Homeland Security ("DHS") as brought under the Administrative Procedure Act ("APA") and the Federal Tort Claims Act ("FTCA"). (*Id.* at 4.) The Court dismissed Plaintiff's claims against those defendants under the APA under the doctrine of sovereign immunity, for lack of subject matter jurisdiction, because Plaintiff alleged no facts showing that he was challenging a final administrative action of a federal agency. (*Id.* at 4-5.) The Court also dismissed Plaintiff's claims against those defendants under the FTCA under the doctrine of sovereign immunity, for lack of subject matter jurisdiction, and for seeking monetary relief from defendants that are immune from such relief, because some of those claims were barred under the FTCA, and because Plaintiff failed to show that he exhausted administrative remedies as to his remaining claims under that statute. (*Id.* at 5-7.) The Court further dismissed Plaintiff's claims against the State of Israel and the Israeli Mossad under the Foreign Sovereign Immunities Act, for lack of subject

matter jurisdiction, and for seeking monetary relief from defendants that are immune from such relief. (*Id.* at 7-8.) The Court additionally dismissed all of Plaintiff's claims as frivolous. (*Id.* at 8-9.)

The Court warned Plaintiff that, in light of his litigation history, "if he files in this court any further duplicative, frivolous, or otherwise nonmeritorious litigation against the United States of America or against any federal agency, foreign state, or foreign state's agency or instrumentality, it may result in an order from this court barring [him] from filing any future civil action in this court [*in forma pauperis*] against any of those entities without prior permission of the court." (*Id.* at 9-11.) The Court also denied Plaintiff's application for the Court to request *pro bono* counsel as moot. (*Id.* at 11.)

On June 29, 2023, the Court received from Plaintiff, who is currently held in the Vernon C. Bain Center, a "Motion response to reconsider Order of dismissal"(ECF 8), which the Court understands to be a challenge to the Court's June 12, 2023, order and judgment.[1] The Court liberally construes Plaintiff's motion as one for reconsideration of the Court's June 12, 2023, order and judgment, brought under Local Civil Rule 6.3; a motion to alter or amend that judgment, brought under Rule 59(e) of the Federal Rules of Civil Procedure ("Rule 59(e)"); and as a motion for relief from that order and judgment, brought under Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms. . . . [including liberal construction of papers,] relaxation of the limitations on the amendment of pleadings, [leniency in the

---

[1] The postmark date of the envelope that contained Plaintiff's motion is undecipherable, but the motion itself is dated June 17, 2023. (ECF 8, at 7-8.)

enforcement of other procedural rules, and] "deliberate, continuing efforts to ensure that a pro se litigant understands what is required of him.") (citations omitted). After reviewing Plaintiff's arguments, the Court denies Plaintiff's motions.

## DISCUSSION

A.      Rule 59(e) & Local Civil Rule 6.3 relief

A party who moves to alter or amend a judgment under Rule 59(e), or seeks reconsideration under Local Civil Rule 6.3, must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508-09 (S.D.N.Y. 2009) (noting that the standards for motions under Rule 59(e) and for motions for reconsideration under Local Civil Rule 6.3 are the same). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 209-10 (S.D.N.Y. 2009) (Such a motion "is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation mark and citations omitted).

Plaintiff does not demonstrate that the Court has overlooked any controlling decisions or factual matters with respect to its dismissal of this action. To the extent that Plaintiff asserts, in his motion, that he exhausted administrative remedies with respect to his claims under the FTCA against at least one of the federal-agency defendants, he does not show that the Court overlooked any controlling decisions or factual matters as to the Court's determination that all of his claims are frivolous. The Court therefore denies relief under Rule 59(e) and Local Civil Rule 6.3.

### B. Rule 60(b) relief

Under Rule 60(b), a party may seek relief from a district court's final order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b).

The Court has considered Plaintiff's arguments, but even under a liberal interpretation of his motion, Plaintiff has not demonstrated that any of the grounds listed in the first five clauses of Rule 60(b) apply. The Court therefore denies Plaintiff Rule 60(b) relief, to the extent that he seeks relief under Rule 60(b)(1) through (5).

In addition, to the extent that Plaintiff seeks relief under Rule 60(b)(6), the Court also denies that relief. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985) (internal quotation marks omitted)). A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (citation omitted).

Plaintiff does not demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950). The Court therefore denies Plaintiff all relief under Rule 60(b).

## CONCLUSION

The Court construes Plaintiff's "Motion response to reconsider Order of dismissal" as a motion for reconsideration of the Court's June 12, 2023, order and judgment, brought under Local Civil Rule 6.3; a motion to alter or amend that judgment, brought under Rule 59(e); and as a motion for relief from that order or judgment, brought under Rule 60(b); and the Court denies those motions. (ECF 8.)

This action is closed. The Court directs the Clerk of Court to accept for filing in this action only those documents that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents in this action that are frivolous or meritless, the Court will direct him to show cause why the Court should not bar him from filing further documents in this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   August 3, 2023
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge